BENNETT BLOCH *et al. vs.* ZONING BOARD OF REVIEW OF
THE CITY OF CRANSTON.

MAY 24, 1962.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

PAOLINO, J.   This is a petition for certiorari to review the decision of the zoning board of review of the city of Cranston granting an exception under section 27 B.(8) of the zoning ordinance.   We issued the writ and pursuant thereto the pertinent records have been certified to this court.

It appears therefrom that Geigy Chemical Corporation, hereinafter called the applicant, applied for a special excep-

tion to use three lots owned by it in a Dwelling D district for private parking of automobiles in connection with its business. The lots are located at the corner of Sunset Terrace, Astle street and Mill street and are designated as lots 111, 112 and 114 on assessor's plat 4, section 5.

Lots 111 and 114, which consist of vacant land, adjoin each other on the easterly side of Mill street. Lot 111 is located at the northeast corner of Astle and Mill streets. Each of the lots has a frontage of 50 feet on Mill street and a depth of 100 feet.

The applicant also owns land zoned for industrial use on the southerly side of Astle street, directly opposite lots 111 and 112. A structure owned by the applicant and presently utilized as a laboratory is located on a portion thereof. It based its request for the exception on the ground that it was required to use the remainder, formerly used for parking purposes, for the expansion of its present plant in order to provide room for its administrative offices and additional laboratory facilities.

The application states that the applicant is seeking permission to use the three lots for off-street parking for its office help, laboratory technicians and official visitors during working hours. The applicant alleges that there was room to park ten cars on each lot and that the proposed use would keep the streets free from vehicular traffic.

It also appears from the record that some of the land on the westerly side of Mill street in the immediate vicinity of lots 111 and 114 is zoned for industrial use. The Atlantic Tubing & Rubber Co. and an off-street parking area belonging to it are located almost directly across the street from those lots.

The petitioners are the owners of substantial one-family dwellings in the immediate area of the lots in question. They objected to the granting of the application on the grounds that the area was predominantly residential in

character; that the proposed use would substantially alter the character of the neighborhood; that it would create serious traffic problems; and that it would adversely affect the value of their properties.

After the hearing the board granted the exception as to lots 111 and 114 and denied the application as to lot 112. In its decision it stated that it considered the evidence and testimony presented at the hearing. It also stated that it viewed the lots in question and the immediate surroundings. Before making the findings of fact on which it based its decision, it expressly noted that it considered the residential character of Sunset Terrace, the spotty residential development on the easterly side of Mill street, the undeveloped character of the westerly side of Mill street, and the applicant's need for parking facilities in connection with its business.

After such consideration the board found that the proposed use on lots 111 and 114 would substantially serve the public convenience and welfare; that it would not substantially or permanently injure the appropriate use of neighboring properties; and that it would be in harmony with the character of the neighborhood and appropriate to the uses or buildings authorized in the district. The exception was granted subject to the following conditions: (1) That a suitable screening of shrubs was to be erected along the boundary lines of abutting landowners; (2) that the two lots were to have a hardtop surface; and (3) that the entrance and exit were to be on Mill street.

The petitioners contend that the board erred in granting the exception because it failed to make certain findings of fact which section 27 B.(8) of the ordinance required. They refer specifically to that portion which authorizes the board to grant a special exception in certain cases where it deems the proposed use would be in harmony with the character of the neighborhood and appropriate to the uses or build-

ings authorized in the particular district. There is no merit in this contention. The board expressly made such findings, as is evident by its decision.

The only question is whether they are supported by the evidence. With respect to the question whether the proposed use would be in harmony with the character of the neighborhood, it is our opinion that the record clearly supports the board's finding, especially in view of the specific conditions imposed by it in granting the exception.

Under section 3 of the ordinance churches, schools, community buildings, school or college athletic fields and railway passenger stations are among the permitted uses. In view of the uses authorized in the dwelling house district in question, we cannot say that the board abused its discretion in finding that the proposed noncommercial parking area would be in harmony with the uses or buildings authorized in such district.

The petitioners next contend that the board erred in considering certain documents marked "Pet. Exhibit 1" and "Pet. Exhibit 2" because they were not formally introduced in evidence and properly received as exhibits by the board. In the absence of evidence that petitioners were deprived of the opportunity of examining them or that they were otherwise prejudiced thereby, we cannot say that mere informality in receiving such documents is ground for a reversal or a rehearing. *Colagiovanni* v. *Zoning Board of Review,* 90 R. I. 329, 158 A.2d 158. In any event, after examining them, we are convinced that they were not vital to the board's decision. In such circumstances, the error if any was clearly harmless.

We do not deem it necesary to comment on certain statements made by petitioners with reference to the view taken by the board. There is nothing in the record indicating that they were in any way unlawfully prejudiced by the taking of such view or that the board unlawfully with-

held anything pertaining thereto from petitioners. It had a right to take a view at any time prior to deciding and to consider what it saw, so long as its decision disclosed the knowledge gained therefrom. See *Heffernan* v. *Zoning Board of Review,* 50 R. I. 26, 31.

The petitioners' contention that the board's decision constitutes an amendment to the zoning ordinance is without merit. Under section 27 B.(8) the board clearly has the power to grant a special exception in a case such as this, if there is compliance with the requirements of the ordinance. The petitioners have not sustained the burden on certiorari in this court of proving that the board acted arbitrarily and abused its discretion in granting the exception. *Paterson* v. *Zoning Board of Review,* 80 R. I. 494, and *Adams* v. *Zoning Board of Review,* 86 R. I. 396, are factually substantially different from the case at bar and therefore not applicable.

The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, and the records certified to this court are ordered returned to the respondent board with our decision endorsed thereon.

*William A. Gelfuso, William G. Gilroy,* for petitioners.

*Charles A. Kelley,* City Solicitor; *Abraham Goldstein,* Assistant City Solicitor for City of Cranston, for respondents.

*Letts & Quinn, George R. Beane,* for applicant.